Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTINA KILLIAN,<br><br>          Plaintiff,<br><br>     vs.<br><br>WAL-MART STORES, INC., a Delaware Corporation,<br><br>          Defendant. | CASE NO.<br><br>COMPLAINT FOR DAMAGES AND OTHER RELIEF BASED UPON:<br><br>1. DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT<br><br>JURY DEMAND |

Plaintiff CHRISTINA KILLIAN ("Plaintiff" or "Killian") alleges as follows:

1.     This action is brought pursuant to the provisions of the Americans with Disabilities Act of 1990, *42 U.S.C. § 12101*, *et seq.* (hereinafter "ADA"), to obtain relief for Plaintiff under the aforementioned statutes.

2.     Jurisdiction is predicated under these code sections as well as *28 U.S.C. § 1331*, as this action involves a federal question.

1

3. At all relevant times, WAL-MART STORES, INC., a Delaware Corporation (hereinafter "Defendant" or "Wal-Mart") employed 20 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year, and are therefore subject to the provisions of the ADA.

4. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2),* and the ends of justice so require.

## PARTIES

5. Plaintiff, Killian, is a citizen of the United States and at all relevant times herein was and currently is a resident of the State of Nevada, County of Clark and City of Las Vegas.

6. Plaintiff is informed and believes and thereon alleges that at all relevant times giving rise to the claims asserted Plaintiff was employed in Las Vegas, Nevada by Defendant Wal-Mart.

## EXHAUSTION OF REMEDIES

7. Plaintiff timely filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") and was issued a Notice of Right to Sue by the EEOC on November 18, 2015, a copy of which is attached to the Complaint as Exhibit "A".

## STATEMENT OF FACTS

8. On or about May 11, 2011, Plaintiff was hired by Defendant as a floater pharmacist for Wal-Mart and held the position until she was terminated.

9. On June 11, 2015 Killian was ordered to take a random drug screening which she completed.

10. On July 2, 2015 Killian was discharged from Wal-Mart for a positive drug screening without the possibility of rehire.

11. Killian's positive drug screening was caused by two medications that were prescribed by her physician Gary DeShazo, D.O. and Plaintiff has been taking these medications

since approximately October of 2011.  Plaintiff has been treating with Dr. DeShazo for over 15 years as her regular physician.

12. These medications were specifically prescribed by Plaintiff's doctor to treat her conditions for nausea, vomiting and gastroenteritis.

13. After her drug screening came back positive, Killian told Defendant of the physical impairments mentioned above and the need for the medications mentioned above to accommodate these ailments.

14. At no time did anyone from Wal-Mart attempt to contact Dr. DeShazo to verify that these were prescribed medications to treat physical impairments Plaintiff suffered from or to otherwise interact with Killian or her treating physician on these matters.

15. Following her termination Killian has been unable to find comparable work and in addition to continuing to suffer from nausea, vomiting and gastroenteritis, she now also suffers from prolonged post-traumatic stress, generalized anxiety disorder and depressive disorder from being terminated from her employment at Wal-Mart.

## FIRST CAUSE OF ACTION

### (For Disability Discrimination and Failure to Accommodate in Violation of the ADA)

16. Plaintiff Killian incorporates the allegations set forth in paragraphs 1 through 15, inclusive, as if fully set forth herein.

17. Plaintiff was diagnosed with nausea, vomiting and gastroenteritis by her doctor Gary DeShazo, D.O.  These ailments substantially limited her in the major life activities of eating and digesting food, digestive system functions and bowel and bladder functions.  In addition these ailments substantially limited Plaintiff in her ability to work, thus qualifying Killian as being disabled under the ADA.

18. To accommodate these disabilities Plaintiff's doctor prescribed two medications to treat Killian's disabilities.

19. On July 2, 2015, Killian was abruptly terminated from Wal-Mart for a failed drug screening which was caused by having one or both of these two prescribed medications in her system.

20. Had Defendant interacted with Plaintiff or her doctor they would have discovered that the medications that caused the positive drug screening were medications prescribed to Killian to accommodate her disabilities.

22. Plaintiff believes and will prove at trial that Wal-Mart terminated Plaintiff's employment in violation of her rights under the ADA, for among other things, taking prescribed medications to accommodate her disabilities.

23. As a direct and proximate result of Defendant violating Plaintiff's rights under the ADA, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

24. As a direct and proximate result of Defendant violating Plaintiff's rights under the ADA, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, change in sleep patterns, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which Plaintiff seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

25. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

26. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

27. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of

her claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Killian demands judgment against Defendant as follows:

1. Declaring that the acts and practices complained of here are a violation of the ADA;

2. Enjoining and permanently restraining the violations by Defendant of the ADA;

3. For back pay and front pay for overall economic losses in earnings, bonuses, job benefits and expenses, according to proof at time of trial;

4. For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

5. For punitive damages;

6. For attorney's fees and costs in an amount determined by the court to be reasonable;

7. For pre-judgment interest on all damages; and

8. For any other and further relief that the Court considers proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

DATED: 2/14/2016              LAW OFFICES OF MICHAEL P. BALABAN

BY: /s/ Michael P. Balaban
Michael P. Balaban
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141

# EXHIBIT A

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Christina Killian<br>3424 Miramar Dr.<br>Las Vegas, NV 89108 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite-8112<br>Las Vegas, NV 69101 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2015-01463 | Brian Gorecki,<br>Investigator | (702) 388-5099 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

Richard T. Burgamy,
Local Office Director

NOV 18 2015

*(Date Mailed)*

Enclosures(s)

cc: Marisa Crawford
R Counsel
WAL-MART STORES, INC.
c/o LITTLER MENDELSON, P.C.
333 SE 2nd Ave., Suite 2700
Miami, FL 33131

Michael P. Balaban
LAW OFFICE OF MICHAEL P. BALABAN A LAW CORP.
10726 Del Rudini Street
Las Vegas, NV 89141